IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-219-BO-2
NO. 5:14-CR-469-BO-2

| | |
|---|---|
| CHAD EMORY JONES, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>      Respondent. ) | ORDER |

This cause is before the Court on petitioner's corrected motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 169] and the government's motion to dismiss [DE 172]. Petitioner has replied, and the matter is ripe for ruling. For the following reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 is DISMISSED.

## BACKGROUND

Petitioner, Chad Emory Jones, pled guilty pursuant to a written plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and one count of aiding and abetting the distribution of more than five grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), on October 25, 2010. [DE 54]. He was sentenced by this Court to a total term of 150 months imprisonment on April 19, 2011, and judgment was entered on April 28, 2011. [DE 81–82]. Mr. Jones filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part on August 17, 2012. [DE 132–33]. Mr. Jones did not petition the Supreme Court for a writ of certiorari.

On June 27, 2013, petitioner filed a motion under 28 U.S.C. § 2255 seeking relief under the Fair Sentencing Act and guideline amendments. [DE 139]. The Court entered an order

construing his motion as one brought pursuant to 18 U.S.C. §3582 on October 17, 2013. [DE 143]. Following a hearing, the Court denied Mr. Jones's § 3582(c) motion on April 18, 2014. [DE 160–61]. Petitioner then filed the instant § 2255 motion on September 24, 2014, in which he raises two claims of ineffective assistance of counsel. [DE 169]. Mr. Jones claims that counsel was ineffective for convincing him to plead when the evidence was insufficient to support his conviction on the distribution of crack charge and for failing to challenge a guideline enhancement at sentencing.

## DISCUSSION

The government contends that Mr. Jones's motion is untimely and not subject to equitable tolling. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner's motion is untimely under § 2255(f)(1). His judgment became final on or about November 15, 2013, the date on which his opportunity to file a petition for certiorari with the Supreme Court expired. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) ("Osborne was required to file his § 2255 within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the

2

time for seeking such review."). Given that Mr. Jones did not file his motion until § 2014, it is untimely.[1]

The motion also is not timely under any of the other limitation periods contained in § 2255(f). Mr. Jones points to no newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4). Section 2255(f)(2) is not applicable in this case, as no governmental action affected the timeliness of Mr. Jones's filing. Section 2255(f)(3) likewise does not make Mr. Jones's petition timely because his claim did not rely on any right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Nor is equitable tolling available to render Mr. Jones's petition timely. Mr. Jones has not proffered facts sufficient to satisfy the high threshold for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). In order to be eligible for such tolling, the movant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As the Court is unaware of any basis upon which to find the petition timely, the Court must dismiss Mr. Jones's petition.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a

---

[1] The Court recognizes that it construed Mr. Jones's first § 2255 motion as a § 3582(c) motion on October 17, 2013. As Mr. Jones had until November 15, 2013, to timely file under § 2255(f)(1), the Court's order re-characterizing his § 2255 did not pose an impediment to Mr. Jones timely filing under § 2255(f)(1). Moreover, Mr. Jones waited more than eleven months following the Court's order construing his § 2255 as a § 3582(c) to file the instant motion.

3

constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 172] is GRANTED and petitioner's motion to vacate [DE 169] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED this __19__ day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4