IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-219-BO-2
No. 5:14-CV-543-BO

| | |
|---|---|
| CHAD EMORY JONES, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 216]. The government has moved to dismiss the petition [DE 219] and the matter is ripe for disposition. For the reasons discussed below, petitioner's motion is dismissed and the government's motion to dismiss is granted.

## BACKGROUND

On October 25, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Seven), and distribution of more than 5 grams of cocaine base (crack) and aiding and abetting the same offense, in violation of 21 U.S.C. 841(a)(1) (Count Eleven). [DE 53, 54]. On April 19, 2011, the Court sentenced petitioner to 120 months' imprisonment as to Count Seven and 150 months' imprisonment as to Count Eleven, with the counts to run concurrently with each other. [DE 81, 82]. Judgment was entered on April 28, 2011. [DE 82].

Petitioner appealed his judgment [DE 87], and the United States Court of Appeals for the Fourth Circuit affirmed in part and dismissed in part on August 17, 2012. [DE 132]. Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On June 27, 2013, petitioner filed a motion under § 2255 seeking relief under the Fair

Sentencing Act. [DE 139]. On October 17, 2013, the Court construed petitioner's motion as one brought pursuant to 18 U.S.C. § 3582. [DE 143]. On April 18, 2014, the Court denied petitioner's § 3582 motion. [DE 161]. On September 24, 2014, petitioner filed a motion under § 2255. [DE 169]. On December 23, 2014, the Court dismissed petitioner's motion. [DE 176].

On September 2, 2016, petitioner filed the instant motion under § 2255. [DE 216]. Petitioner argues that counsel was ineffective in his representation of petitioner during a proceeding under 18 U.S.C. § 3582(c). [DE 216 at 4]. On October 24, 2016, the government moved to dismiss petitioner's motion for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 219].

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Because the instant motion attacks the same conviction and sentence as was earlier challenged by the prior motion to vacate, and that motion was dismissed on the merits, the instant motion to vacate is second or successive and the Court is without jurisdiction to consider

it in the absence of pre-filing authorization. *Winestock*, 340 F.3d. at 207. There being no authorization, the motion is properly dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 219] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 216] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **21** day of April, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE